**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 10-00121-CR-W-DGK |
| | ) | |
| v. | ) | |
| | ) | |
| JOSEPH M. MABERY, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Pending before the Court is the Defendant's Motion in limine. Doc. 44. The Defendant seeks to exclude any evidence, argument or reference to the fact that he has been convicted of various crimes. The Defendant cites *Old Chief v. United States* in support of this Motion. 519 U.S. 172, 174 (1997) (finding an abuse of discretion in allowing the Government to reject a Defendant's offer to stipulate to felon status and prove his prior convictions to the jury). The Government does not oppose this request, with the understanding that the Defendant must stipulate to his status as a felon and that such evidence may be permissible for impeachment should the Defendant testify. The Court therefore GRANTS this limine request subject to those caveats.

Next, the Defendant seeks to exclude any evidence of his possession of marijuana and methamphetamine. The Government does not intend to offer evidence related to methamphetamine, but notes that it anticipates the arresting officer's testimony will be that the Defendant dropped a bag which appeared to be marijuana while fleeing. Though the Government does not intend to offer evidence of the test results of the bag, it asserts that the officer's account and observation of the arrest are admissible. The Defendant seeks to exclude

this testimony on the grounds of Rule 403. Because such determinations of the weight of probative value versus prejudice are best made in view of the totality of the circumstances, the Court will take this issue under advisement for ruling during trial.

Finally, the Defendant seeks to exclude his alleged statements that he "shot someone" and spent time in prison. The Government states that it does not intend to offer this evidence. Furthermore, it does not appear to be relevant to the Government's case-in-chief—specifically whether the Defendant knowingly possessed a firearm. Accordingly, the Court GRANTS this limine request.

**IT IS SO ORDERED**

Dated: May 2, 2011                            /s/ Greg Kays
                                                          GREG KAYS,
                                                          UNITED STATES DISTRICT JUDGE