# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Case No. 10-00121-CR-W-DGK |
| ) | |
| v. ) | |
| ) | |
| JOSEPH M. MABERY, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Pending before the Court is the Defendant's fully-briefed Motion for a new trial. Docs. 66, 67. For the reasons discussed herein, the Motion is DENIED.

## Background

On May 4, 2010 the Defendant was indicted with one count of being a felon in possession of a firearm. Doc. 1. The Defendant sought to suppress the evidence against him on the grounds that it was obtained in violation of the Fourth Amendment, but the Court denied his Motion, adopting the Report and Recommendation of the Magistrate Judge. Docs. 18, 20-22, 24, 27-28. The case proceeded to a jury trial on May 3, 2011. On May 4, the jury found the Defendant guilty. The pending Motion followed.

The Defendant moves for a new trial on three grounds. First, he renews his suppression arguments. Second, he asserts that the Court erred in denying him a jury instruction based on Eighth Circuit Model Instruction 9.05. Finally, the Defendant argues that the Court erred in denying his Motions for acquittal on the grounds of insufficient evidence.

**Standard**

A motion for a new trial on the grounds of sufficiency of the evidence is decided upon the Court's independent consideration of the evidence, but should only be granted if allowing the jury's verdict to stand would be a "miscarriage of justice." *United States v. Aguilera,* 625 F.3d 482, 487 (8th Cir. 2010) (quoting *United States v. Campos,* 306 F.3d 577, 579 (8th Cir. 2002). This is in contrast to a motion for judgment of acquittal, where the Court must consider the evidence in the light most favorable to the jury's verdict. *United States v. Morales,* 445 F.3d 1081, 1084 (8th Cir. 2006).

Eighth Circuit Model Criminal Instruction 9.05 is a "Theory of Defense" instruction. It has no content, but rather is included for defendants to fill in the blank with their theory of the case. *See, e.g., United States v. Young,* 613 F.3d 735, 741 (8th Cir. 2010) (using 9.05 as a model for entrapment and abandonment of attempt instructions). The Defendant timely submitted a 9.05 instruction which read as follows:

> "One of the issues in this case is whether Joseph Mabery knowingly possessed a firearm. If, after considering all the evidence, you have a reasonable doubt that the defendant knowingly possessed a firearm, then you must find him not guilty."

Doc. 45 at 22. Defendants are entitled an instruction which correctly states the law, is supported by the evidence and is properly requested. *United States v. Mercer,* 853 F.2d 630, 633 (8th Cir. 1988). Conversely, defendants are not entitled to pick the exact wording of the Court's instructions, nor are they entitled to an instruction that merely restates the reasonable doubt requirement or is otherwise redundant. *United States v. Brake,* 596 F.2d 337, 339 (8th Cir. 1979) (wording), *United States v. Shigemura,* 682 F.2d 699, 705 (8th Cir. 1982) (redundancy).

The Defendant moved to suppress the evidence against him on the grounds that it was obtained through an illegal *Terry* stop. *See Terry v. Ohio,* 392 U.S. 1, 30 (1968) (allowing

warrantless minimally intrusive warrantless searches when an officer has reasonable suspicion "that criminal activity may be afoot"). The Defendant claims that a seizure occurred when the arresting officers stopped their car in an intersection in front of the lot where the Defendant was parked and shined a spotlight on his car. The Court, adopting the Report and Recommendations of the Magistrate Judge, held that in the event that the officers' conduct constituted a seizure, it was valid under *Terry*. Docs. 24, 28.

**Discussion**

The Government presented evidence that the Defendant ran from police when the officers shined a spotlight on his car. Upon being apprehended, officers discovered the firearm at issue in his pants pocket. The Court found the officers' testimony credible and the Defendant presented no contradictory evidence. The parties stipulated to the Defendant's felon status and the interstate character of the firearm. Viewing the evidence objectively, the Defendant is not entitled to a new trial, because the jury's verdict does not constitute a miscarriage of justice. Nor is the Defendant entitled to judgment of acquittal, because viewing the evidence in the light most favorable to the verdict only reinforces the Court's finding of sufficient evidence.

The Defendant's requested instruction correctly states the law and is supported by the evidence—in that it is accurate that an issue in the case was the Defendant's knowing possession of the firearm. The Court rejected the Defendant's proposed instruction because it merely restated the jury's obligation to find the elements beyond a reasonable doubt. The verdict director made clear that the only[1] issue for the jury to decide was whether the Defendant knowingly possessed the firearm. Doc. 60 at 21. It further instructed the jury that it could only convict the Defendant if the Government proved every element beyond a reasonable doubt and, conversely, that acquittal was required if the Government failed to prove each element beyond a

---

[1] The other two elements were stipulated.

reasonable doubt.[2] *Id.* The burden of proof was also covered by Instruction 13 and the general presumption of innocence was covered by Instructions 1 and 13. *Id.* at 2, 18. The Defendant was not entitled to this redundant instruction and is not entitled to a new trial on this basis. *See also United States v. Johnson,* 278 F.3d 749, 752 (8th Cir. 2002) (defendant not entitled to redundant instruction).

Finally, regarding the suppression issue, the Defendant has raised no new arguments and the Court sees no reason to revisit its ruling. The Report and Recommendations of the Magistrate Judge are hereby incorporated by reference to this Order. The Defendant's Motion to suppress was properly denied and he is not entitled to a new trial on this basis.

## Conclusion

For the foregoing reasons, the Defendant's Motion for a new trial is DENIED.

**IT IS SO ORDERED**

Dated: June 6, 2011                  /s/ Greg Kays
                                                                        GREG KAYS,
                                                                        UNITED STATES DISTRICT JUDGE

---

[2] "For you to find the Defendant guilty of the crime charged, the Government must prove all of these essential elements beyond a reasonable doubt; *otherwise you must find the Defendant not guilty of this crime*." *Id.* (emphasis added).